UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANA M. EDWARDS, fka Dana M. Flack<br>3496 Wyoga Lake Road, Apt. 305<br>Stow, OH 44224<br><br>      Plaintiff<br><br>-vs-<br><br>VELOCITY INVESTMENTS LLC<br>c/o Statutory Agent:<br>Yvette Head<br>6030 Mayfield Rd, Ste 1<br>Mayfield Hts  Ohio  44124<br><br>THOMAS GLENNON<br>IMMERMAN & TOBIN CO., LPA<br>10810 Indeco Drive<br>Cincinnati, Ohio 45241-2967<br><br>IMMERMAN & TOBIN CO., LPA<br>10810 Indeco Drive<br>Cincinnati, Ohio 45241-2967<br><br>      Defendants | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br>(Fair Debt Collection Practices Act )<br><br>**WITH JURY DEMAND** |

## INTRODUCTION

1. Plaintiff Dana M. Edwards (f.k.a. Dana M. Flack) brings this case to redress unlawful debt collection practices by Defendants, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq* and the Ohio Consumer Sales Practices Act, O.R.C. Chapter 1345.

## PARTIES

2. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692a(3) and as defined in O.R.C. §1345.01(D).

3. Defendant Velocity Investments LLC is a domestic liability company with an office in Mayfield Heights, Cuyahoga County, Ohio, and is a debt collector as defined by the Fair Debt Collection Practices Act 15 U.S.C. §1692§a(6) and a supplier as defined in O.R.C. §1345.01(C).

4. Defendant Thomas Glennon and Immerman & Tobin Co., LPA are attorneys who are debt collectors as defined by the Fair Debt Collection Practices Act 15 U.S.C. §1692§a(6) and suppliers as defined in O.R.C. §1345.01(C).

## JURISDICTION AND VENUE

5. This Court has jurisdiction of these claims under 28 U.S.C. §1331 (federal question), as well as pendent jurisdiction of claims under state law.

6. Venue lies in this District because Defendant Velocity Investments is subject to legal process in Mayfield Heights, Cuyahoga County, and because Defendants filed the wrongful garnishment in Stark County.

## FACTS

7. Defendant Velocity Investments LLC sued Plaintiff on a debt in Canton Municipal Court Case No. 2006-CVF-2666. That case was settled with a Agreed Judgment Entry dated October 11, 2007. Pursuant to the Agreed Judgment Entry, a previous garnishment was canceled, Plaintiff Edwards agreed to pay $67.00 to Defendant Velocity Investments, within thirty days, upon which payment the matter was deemed "satisfied in full." (Exhibit 1)

8. Plaintiff Edwards paid Defendant Velocity Investment as promised on or about November 4, 2007, thus fully satisfying the debt.

9. On August 14, 2009 Defendant Velocity Investment, Defendant Thomas Glennon and Defendant Immerman & Tobin Co., LPA filed a Wage Garnishment in Case No. 2006-CVF-

2

2666, falsely stating that Plaintiff Edwards owed approximately $2,135.28, when Defendants knew or should have known that Plaintiff owed nothing.

10. Defendants knowingly directed the clerk to serve notice of the garnishment to Plaintiff at an address which Defendants knew was incorrect, because Plaintiff notified Defendants that the same address was incorrect in 2007.

11. Plaintiff learned of the wrongful garnishment on or about August 28, 2009, when Plaintiff received a notice of the garnishment from her employer.

12. Upon learning of the wrongful garnishment, Plaintiff promptly sent a letter to Defendants Glennon and Immerman & Tobin Co., LPA.  Plaintiff's letter point out that the Defendants had filed the garnishment "on 08-14-2009 on an account that was settled and closed on 10-24-2007 in the Canton Municipal Courts by Judge Richard J. Kubilus."  Plaintiff's letter requested that Defendants withdraw the garnishment.

13. Despite express notice of the error, Defendants did not dismiss the garnishment.

14. Due to the wrongful garnishment, and Defendants' refusal to withdraw the wrongful garnishment, funds were withheld from Plaintiff's wages, and Plaintiff had to hire counsel to seek termination of the garnishment.

15. On September 18, 2009, the Canton Municipal Court held:

> Court finds that judgment was satisfied on or about 11/4/07 (check #1951).
> Pursuant to Agreed J.E. filed 10/24/08 [*Sic: actual date is 10/24/07*] said matter is satisfied and dismissed.

**CLAIM 1:  Fair Debt Collection Practices Act**

16. Plaintiff  restates all previous allegations in this pleading.

17. Defendants' conduct, including its attempt to collect a debt not owed, violates the Fair Debt Collection Practices Act, which requires that the company treat consumers with respect, dignity, and fairness.

18. Defendants' violations of the Fair Debt Collection Practices Act include but are not limited to the following:

   a. §1692d - engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

   b. §1692e- engaging in the false, deceptive, and misleading representation or means in connection with debt collection;

   c. §1692e(2) misrepresenting the character, amount, or legal status of the alleged debt;

   d. §1692e(8) threatening or communicating false credit information;

   e. §1692e(10) use of any false representation or deceptive means to attempt to collect a debt.

   e. §1692f- engaging in unfair or unconscionable means to collect or attempt to collect a debt;

   f. §1692f(1)- attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

19. As a direct and proximate result of the violation of the FDCPA, Plaintiff has suffered damages, including out of pocket loss, denial of access to funds, mental anguish, humiliation, aggravation and inconvenience, and other damages to be proven at trial. Plaintiff is also entitled to statutory damages, attorney fees, and litigation costs.

**CLAIM 2: Ohio Consumer Sales Practices Act**

20. Plaintiff restates all previous allegations in this pleading.

21. The transactions at issue are consumer transactions as defined in R.C. 1345.01(A), to wit: attempting to collect consumer debt and engaging in collection activities.

22. Defendants and their assignors, beneficiaries, or represented entities and all suppliers of goods or services herein acted jointly and in conjunction with each other to commit the acts and conduct set forth herein, and each is the agent of each other and each is responsible for the conduct of the other.

23. Defendants are derivatively liable for the conduct of their assignors, beneficiaries, and represented entities.

24. In connection with said transactions, Defendants, or those for whose conduct Defendants are legally responsible, committed unfair, deceptive, and unconscionable acts and practices in violation of R.C. 1345.02 and R.C. 1345.03, in violation of rules promulgated pursuant to said Chapter and in violation of prior decisions available for public inspection at the office of the Ohio Attorney General. Said acts and practices include, but are not limited to, wrongful debt collection; misrepresenting the actual terms of the transaction; misrepresenting the nature of an obligation; knowingly taking advantage of the inability of the consumer to reasonably protect his interests; making a misleading statement on which the consumer was likely to rely to his detriment; and other acts and practices to be proven at trial.

25. Said acts and practices were committed knowingly.

26. As a direct and proximate result of the violation of the Ohio CSPA, Plaintiff has suffered damages, including out of pocket loss, denial of access to funds, mental anguish, humiliation, aggravation and inconvenience, and other damages to be proven at trial. Plaintiff is also entitled to treble and/or statutory damages, attorney fees, and litigation costs.

27. Further, Plaintiff seeks an injunction against Defendants to prevent future unfair, deceptive, and unconscionable conduct in violation of the Ohio Consumer Sales Practices act and other violations of law.

**CLAIM 3: Declaratory Judgment**

28. Plaintiff restates all previous allegations in this pleading.

29. R.C. §1345.09, as purportedly amended by Am. Sub. S.B. 117, is unconstitutional, and the amendments set forth in Am. Sub. S.B. 117 cannot be applied to this case.

30. Plaintiff seeks a declaratory judgment by this Court that Am. Sub. S.B. 117 is unconstitutional, and further seeks application of R.C. §1345.09 as it existed before the unconstitutional amendment.

31. Plaintiff further seeks a declaratory judgment that the acts and practices committed by Defendants in connection with the transaction are unfair, deceptive, and unconscionable acts in violation of Ohio's Consumer Sales Practices Act.

**WHEREFORE**, Plaintiff prays that the Court order judgment for Plaintiff on all claims, with all damages and relief, including:

A. Compensatory and consequential damages in excess of $25,000.

B. Statutory and treble damages as provided by law.

C. Declaratory judgment that O.R.C. §1345.09, as purportedly amended by Am. Sub. S.B. 117, is unconstitutional, and the amendments set forth in Am. Sub. S.B. 117 cannot be applied to this case.

D. Declaratory judgment that the acts and practices committed by Defendants in connection with the transaction are unfair, deceptive, and unconscionable acts in violation of Ohio's Consumer Sales Practices Act.

E. Injunction against Defendants to prevent future unfair, deceptive, and unconscionable conduct in violation of the Ohio Consumer Sales Practices Act and Fair Debt Collection Practices Act, and other violations of law.

F. Reasonable Attorney Fees and Costs of litigation.

G. Such other relief as the Court may deem just and equitable.

**JURY DEMAND:**

Plaintiff demands a trial by jury on all issues except the following, which are reserved for determination by the Court: declaratory judgment claims; claim for injunction; and determination of reasonable attorney fees and costs, in the event that Plaintiff prevails at the trial on the merits.

Respectfully submitted,

Counsel for Plaintiff:

*s/ Nancy Grim*
McDOWALL CO., LPA
LAURA K. McDOWALL (#0038072)
503 Canton Road / P.O. Box 6600
Akron, Ohio 44312
PH: 330.784.9999 FX: 330.784.9994
LM@LauraMcDowall.com

NANCY GRIM (0014376)
237 East Main Street
Kent, OH 44240-2526
330-678-6595 / Fax 330-678-6517
nancy.grim@nancygrimlaw.net